IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE WILBANKS, | ) | Civil Action No. 7:22-2388-MGL-TER |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DEPUTY NICHOLAS HARAKAS, | ) | |
| DEPUTY C. EVANGELISTA, | ) | |
| DEPUTY M. MILLER, | ) | |
| DEPUTY D. PRETLOVE, | ) | |
| DEPUTY M. MAPSTONE, | ) | |
| DEPUTY S. POWELL, | ) | |
| SGT. J. KNISELY, | ) | |
| INVESTIGATOR M. STEVENSON, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motions to compel, motion to take depositions, motion for hearing to produce, and motion for issuance of a subpoena. (ECF Nos. 35-39).

**Motion to Compel-ECF No. 35**

In the motion to compel filed February 7, 2023, Plaintiff is asking the court to order Defendants to comply with "Court Rule 413[1] and their oath of office." (ECF No. 35). Plaintiff asserts that the Defendants committed "criminal offenses" and Defendants' attorney "is in possession of evidence in addition to what Plaintiff has

---

[1] The South Carolina Rules for Lawyer Disciplinary Enforcement are codified under Rule 413 of the South Carolina Appellate Court Rules.

provided; to include but not limited to ALL the dash and body cam footage. Also, the incriminating 'Spillman' records are in possession of Defendants and their attorney . . ." Id. Defendants filed a response to this motion denying that they have committed any wrongful acts, that discovery was to be completed no later than January 23, 2023, pursuant to the court's scheduling order, and that Plaintiff has never served discovery requests on Defendants so that there is nothing to compel. (ECF No. 40).

This motion to compel (ECF No. 35) is denied. The discovery deadline set forth in the court's scheduling order was January 23, 2023. (ECF No. 25). Therefore, the motion is untimely, and it appears that Plaintiff never served discovery requests on counsel for Defendants. Further, it is impermissible for the court to conduct discovery on Plaintiff's behalf, and this court does not generally enter the discovery process, which is governed by the Federal Rules of Civil Procedure and conducted within the deadlines set forth in the court's scheduling order. See Rules 26 through 37, 45, generally.

**Motion to Compel-ECF No. 36**

In the motion to compel filed February 13, 2023, Plaintiff is requesting the court's assistance by ordering the Defendants to produce evidence that he has listed in the motion. (ECF No. 36). Defendants filed a response in opposition arguing that they timely served discovery requests on Plaintiff and he answered. (ECF No. 42)

However, Defendants assert that Plaintiff never served reciprocal discovery requests on counsel for Defendants and is now time-barred from doing so pursuant to the deadlines set forth in the court's scheduling order of November 22, 2022. Id.

This motion to compel (ECF No. 36) is denied. The discovery deadline set forth in the court's scheduling order was January 23, 2023. (ECF No. 25). Therefore, the motion is untimely, it appears that Plaintiff never served discovery requests on counsel for Defendants, and this court does not generally enter the discovery process which is governed by the Federal Rules of Civil Procedure and conducted within the deadlines set forth in the court's scheduling order. See Rules 26 through 37, 45, generally.

**Motion for Hearing to Produce- ECF No. 38**

In the "Motion for Hearing to Produce," Plaintiff requests the court to schedule a hearing in person for Plaintiff to inspect and view all discovery and evidence that the court orders Defendants to produce. (ECF No. 38). Defendants filed a response arguing that since Plaintiff never served discovery requests on counsel for the Defendants and has missed the discovery deadline set forth in the court's scheduling order, this motion should be denied. (ECF No. 44).

This "Motion for Hearing to Produce" (ECF No. 38) is denied because the motion is untimely, Plaintiff did not serve discovery requests on Defendants' counsel,

3

and the court does not conduct discovery on behalf of a party which is governed by the Federal Rules of Civil Procedure. See Rules 26 through 37, 45, generally.

**Motion to Take Depositions- ECF No. 37**

In the motion to take depositions, Plaintiff requests that the "Court to take depositions of Spartanburg County Mental Health, Therapist/Counselor Margaret McAdams and her boss know[n] as the Nurse Practitioner, 'Christian' 'Christine.'" (ECF No. 37). Defendants filed a response in opposition arguing that the request is untimely and should be denied since Plaintiff filed it well after the discovery deadline. (ECF No. 43).

This motion for the court to take depositions (ECF No. 37) is denied. As previously discussed, the discovery deadline set forth in the court's scheduling order was January 23, 2023. (ECF No. 25). Therefore, the motion is untimely, and the court does not take depositions as it is impermissible for the court to conduct discovery on Plaintiff's behalf. This court does not generally enter the discovery process which is governed by the Federal Rules of Civil Procedure and conducted within the deadlines set forth in the court's scheduling order. See Rules 26 through 37, 45, generally.

**Motion for Subpoena- ECF No. 39**

In the motion for subpoena, Plaintiff "Request Court to subpoena all the herein mentioned and listed names of the officers of the court for purposes of proving the conspiracy to obstruct the due courts of justice as well as criminal acts of conspiracy against civil rights . . . " (ECF No. 39). Plaintiff lists numerous names of people he

4

would like the court to subpoena stating that there are thirty officers to subpoena and some documents such as "all jail kiosk communication" and "all Spillman records." Defendants filed a response in opposition arguing that the motion should be denied since Plaintiff missed the discovery deadlines in the court's scheduling order and never served discovery requests on counsel for Defendants. (ECF No. 45). Defendants argue that this motion is nothing more than an attempt to circumvent the deadlines contained in the Scheduling Order. Id.

First, this motion (ECF No. 39) is denied as the court itself does not subpoena documents. If the motion is construed as a request for subpoenas for appearance of witnesses, it is denied as premature. The Plaintiff may renew this motion if the case proceeds to trial.

If the motion is construed as a motion for a subpoena, *duces tecum*, from a party, the motion is denied. A Plaintiff should seek relevant information from a party to the action through requests for production of documents consistent with Fed. R. Civ. P. 34 and within the deadlines set forth in the court's scheduling order.[2]

If the Plaintiff is requesting subpoenas, *duces tecum*, from a non-party, he has not stated or been specific as to what records he is requesting or from whom he is requesting them.[3] Thus, the court cannot determine if the records are relevant or

---

[2] As previously discussed, the discovery deadline set forth in the scheduling order was January 23, 2023.

[3] See Ronell v. Cabbagestock, No. CV 0:20-871-DCN-PJG, 2020 WL 6802909, at *1 (D.S.C. Nov. 18, 2020) pursuant to Fed. R. Civ. P. 26(b) & 45(d)(1), the Plaintiff must clearly identify what documents he is seeking and from whom, how the documents are relevant to the

whether or not costs are associated with the production of these documents. Additionally, the Plaintiff has not indicated he can pay the costs for any subpoenas that are issued. Therefore, if the motion is for a subpoena, *duces tecum*, from a non-party, the motion (ECF No. 39) is DENIED without prejudice.

    IT IS SO ORDERED.

February 28, 2023                                          s/Thomas E. Rogers, III
Florence, South Carolina                      Thomas E. Rogers, III
                                                             United States Magistrate Judge

---

case, that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure; and demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.