

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| TIMOTHY WAYNE WILBANKS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 7:22-2388-MGL |
| | § | |
| DEPUTY NICHOLAS HARAKAS, DEPUTY | § | |
| C. EVANGELISTA, DEPUTY M. MILLER, | § | |
| DEPUTY D. PRETLOVE, DEPUTY M. | § | |
| MAPSTONE, DEPUTY S. POWELL, SGT. J. | § | |
| KNISELY, and INVESTIGATOR M. | § | |
| STEVENSON, | § | |
| Defendants. | § | |

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST PRETLOVE, MAPSTONE, POWELL, KNISELY, AND STEVENSON, AND DISMISSING WITH PREJUDICE CLAIMS AGAINST ALL OTHER DEFENDANTS

---

Plaintiff Timothy Wayne Wilbanks (Wilbanks) filed an amended complaint against Defendants Deputy Nicholas Harakas (Harakas), Deputy C. Evangelista (Evangelista), Deputy M. Miller (Miller), Deputy D. Pretlove (Pretlove), Deputy M. Mapstone (Mapstone), Deputy S. Powell (Powell), Sgt J. Knisely (Knisely), and Investigator M. Stevenson (Stevenson) (collectively Defendants) under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant Defendants' motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 15, 2023. Wilbanks objected on December 29, 2023. Defendants failed to reply. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Wilbanks alleges Defendants used excessive force in their arrest of him following a high-speed car chase. The Report sets forth a thorough recitation of the facts, which the Court repeats in this order only as necessary to its analysis.

As an initial matter, in Wilbanks's response to Defendants' motion for summary judgment, he indicates his intention to dismiss without prejudice his claims against Pretlove, Mapstone, Powell, Knisely, and Stevenson. Wilbanks filed a stipulation of dismissal, which the Clerk's Office subsequently deleted at his request as he had failed to receive Defendants' consent.

In a footnote to the Report, the Magistrate Judge acknowledges this deleted filing and accepts the dismissal without prejudice of those Defendants. Because Defendants failed to object to this dismissal, the Court will dismiss those Defendants without prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Except [before Defendants have filed an answer of motion for summary judgment or by stipulation,] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

In Wilbanks's first objection, he contends the Magistrate Judge erred in his determination the second and third *Graham v. Connor*, 490 U.S. 386, 396 (1989), factors weigh in favor of Defendants.

Under *Graham*, to determine whether force used by an officer is reasonable, the Court considers "the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Wilbanks was suspected of committing an armed robbery about an hour before his arrest, so Defendants reasonably believed he had a firearm. Until Defendants handcuffed Wilbanks, they lacked control of his hands. When he was on the ground, Wilbanks brought his hands under his body, rather than allowing Defendants to pull them behind his back. Because a firearm could have reasonably been in Wilbanks's waistband or otherwise on his person, near where Wilbanks was drawing his hands, the Magistrate Judge correctly determined the second factor weighs in Defendants' favor.

Additionally, footage shows, although Wilbanks had his hands up, he moved away from officers and failed to comply with instructions before Defendants tackled him to the ground. Once on the ground, as stated, Wilbanks refused to allow Defendants to secure his hands, rolling back and forth. Thus, Wilbanks was actively resisting arrest, even if nonviolently. The third *Graham* factor therefore also weighs in Defendants favor.

The Court will therefore overrule this objection.

Next, Wilbanks posits the Magistrate Judge failed to employ a segmented analysis of the multiple alleged instances of excessive force.

3

Wilbanks correctly points out "[i]t is well-established law that 'force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated.'" Objections at 2 (quoting *Waterman v. Batton*, 393 F.3d 471, 481 (4th Cir. 2005)).

The evidence shows that at each instance Defendants used force during Wilbanks' arrest, such force was justified. Even Harakas's use of the taser, which Miller testified occurred at a point when "Harakas kinda had control of" Wilbanks, Miller Criminal Trial Testimony at 102:1, served to secure Wilbanks's hand from under his body when previous, less extreme tactics had failed to do so. Supporting this justification is the fact that, after Defendants handcuffed Wilbanks, they immediately ceased using force.

The Court will thus also overrule this objection.

Further, Wilbanks maintains the Magistrate Judge failed to consider all the evidence. In particular, he avers the Magistrate Judge neglected to account for what occurred outside the view of the video during the encounter and considered only trial testimony and footage.

The Court has reviewed officers' supplemental reports cited by Wilbanks. It has also considered the events before the high-speed chase that ended in Wilbanks's arrest, the lack of video footage from those encounters, and Wilbanks's demeanor as seen on the video footage. None of this evidence, or lack thereof, fails to upset what can be plainly observed on the footage provided to the Court. Indeed, the supplemental reports support the reasonableness of Defendants' use of force. *See, e.g.*, Evangelista Supplemental Report ("Wilbanks tucked his arms into his chest and would try to roll back and forth, not allowing any deputies to place him in handcuffs.").

The Court thus agrees with the Magistrate Judge's analysis Wilbanks has neglected to show a genuine issue of material fact and will overrule this objection, too.

Moreover, Wilbanks objects to the Magistrate Judge's determination Defendants are entitled to qualified immunity.

As the Magistrate Judge explained, in determining whether a defendant is entitled to qualified immunity, the Court must consider (1) "whether a constitutional violation occurred"; and (2) "whether the right violated was clearly established." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (internal quotation marks omitted) (citation omitted).

Because the Court holds no constitutional violation occurred, it agrees with the Magistrate Judge it need not reach the second prong of the qualified immunity analysis. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). Hence, the Court will overrule this objection, too.

Finally, Wilbanks objects to the Magistrate Judge's recommendation of granting Defendants' motion for summary judgment as to claims against Defendants in their official capacity for money damages. Wilbanks avers summary judgment is unnecessary because he sued Defendants only in their individual capacities.

The Magistrate Judge's recommendation of summary judgment is qualified by acknowledging it is relevant only "[t]o the extent" Wilbanks sues Defendants in their official capacities. Thus, Wilbanks's objection is unnecessary, as the Magistrate Judge, as well as this Court, refrain from making a determination of whether Wilbanks brought claims for monetary damages against Defendants in their official capacities.

Accordingly, the Court will overrule this objection, as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not

contradict this order, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**.  Wilbanks' claims against Pretlove, Mapstone, Powell, Knisely, and Stevenson are **DISMISSED WITHOUT PREJUDICE**, and his claims against all other Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 30th day of January 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE